UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FLOYD A. WRIGHT and ARTHUR STIGALL, | | |
| | Plaintiffs, | CIV. S-04-1637 WBS PAN PS |
| v. | | |
| DONALD M. SENICK, HAROLD E. MARTIN, and unknown parties named as DOES 1-10 claiming any interest in the real property described in the complaint, | | ORDER and FINDINGS AND RECOMMENDATIONS |
| | Defendants. | |

—oOo—

Pending before this court are plaintiffs' motion to remand, defendant Harold Martin's motion to dismiss, and Martin's motion to compel plaintiff Arthur Stigall to attend his deposition and for sanctions.  For the following reasons, plaintiffs' motion to remand is denied, and I recommend this action be dismissed, rendering moot defendant's motion to compel

Stigall's attendance at deposition and for sanctions.

Defendant Donald M. Senick has not been served in this action.

Plaintiff Floyd A. Wright has informed the court he is physically and verbally infirm due to a stroke, requests no appearances before the court, and joins Stigall's motion to remand.

This action is, effectively, between Stigall and Martin, and is but the most recent of several state and federal actions[1] challenging the sale of real property located at 5792 Montclair Avenue, Marysville, California ("Montclair"), by the Internal Revenue Service ("IRS") at auction to satisfy a lien for taxes owed by Marvin Baysel Edwards.

Stigall filed the complaint April 30, 2004, in Yuba County Superior Court, asserting jurisdiction pursuant to California Code of Civil Procedure § 760.040 (equitable actions

---

[1] The following additional cases have been filed in this court alone: Edwards v. United States, Don Senick and Bronson Lyle, 96-cv-0477-EJG-JFM, filed 3/08/96 (dismissed 2/10/97 for lack of standing (Edwards failed to demonstrate ownership interest in the "M.B. Edwards Trust); affirmed on appeal 2/9/98); Edwards and Stigall v. IRS, 98-cv-1002-LKK-DAD (PS), filed 6/02/98 under Freedom of Information Act (dismissed by stipulation of parties 7/23/99); Edwards and Stigall v. Martin, Senick, New Century Mortgage Company, and First American Title Insurance Company, 01-cv-2138-LKK-GGH (PS), removed from state court 11/20/01 (remanded to state court 12/21/01 for lack of federal jurisdiction due to defendants' failure to articulate rationale); Edwards and Stigall v. Martin, Senick and IRS Officer Barbara Lane, 01-mc-00238-MLS-GGH (PS), removed from state court 9/18/01 (dismissed as moot 5/29/02); Edwards and Stigall v. Martin, Senick, New Century Mortgage Company, and First American Title Insurance Company, 02-cv-00450-DFL-GGH (PS), removed from state court 2/27/02 (dismissed 11/04/02 for failure to join indispensable party (IRS)); and Edwards v. US Dept of Treasury, et al, 03-cv-0958-MCE-DAD (PS), complaint for writ of mandate filed 5/08/03 (dismissed for insufficient service of process).

to quiet title).  The complaint, entitled "Complaint for Quiet Title to Set-A-Side a Void Deed," asserts Montclair was sold "pursuant to an invalid Internal Revenue Service auction."  The court's records and files show that in May 1983 the taxpayer, Edwards, conveyed Montclair to "M.B. Edwards Trust" but continued to live on the property as a "tenant."  In 1992 and 1995 the IRS recorded notices of federal tax liens against the trust "as the Nominee, Alter Ego, or Transferee of Marvin B. Edwards."  In September 1995, Montclair was auctioned by IRS to Senick to satisfy Edwards' tax liability.  See Exhibit B to Removal Notice (First Amended Complaint filed February 2002 in Yuba County Superior Court in CV 99-445).  In this action, plaintiffs allege Martin is the recipient of a "void deed" from Senick; that Wright holds title to Montclair as Trustee of M.B. Edwards Trust; and Stigall is "successor in interest of Wright pursuant to a grant deed from Wright."

On August 12, 2004, Martin removed this action to this court pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1441(b)(permitting removal of actions to the district courts based on original subject matter jurisdiction).  Martin asserts, inter alia, that the IRS is an indispensable party and plaintiffs' claims are precluded on res judicata grounds by this court's prior ruling in Edwards et al., v. Martin et al., Civ-S-02-0450 DFL GGH PS, affirmed by the Ninth Circuit on appeal.

On August 24, Stigall filed an opposition asserting, inter alia, that "[p]laintiff is the master of the complaint" (Opposition, at p. 1) and has purposefully relied on state law in order to avoid federal court jurisdiction.

A threshold issue is presented by plaintiff's assertion removal is improper because not made within the 30-day limitation of 28 U.S.C. § 1446(b). See Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992) (untimely removal is a procedural defect). 28 U.S.C. § 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986)). Removal statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

Martin states removal is timely because noticed within 30 days after he received the complaint. Notice of Removal, at para. 2. He further states, "There is no evidence that a summons

4

was issued or served, and therefore the purported service of the complaint may be defective." Id. Stigall responds that on June 24, 2004, he mailed to Martin the complaint and summons by certified mail, return receipt requested, and on June 6 Martin "signed the return Receipt." Opposition to Removal and Request for Remand, p. 2; see also Plaintiffs' Joint Status Report, at p. 2 (same representation without reference to dates). Stigall does not provide a copy of the receipt and obscures his presentation of the facts by asserting (1) he sent a copy of the summons and complaint to Martin's attorney on September 24, 2004, (2) "[s]ervice of process was also attempted at Martin's home address but was not successful" and (3) "plaintiff's [sic] may request publication if the court finds that the service to Martin was insufficient." Plaintiff's Joint Status Report, at p. 2. Not until November 3, 2004, did plaintiffs file proof ofpersonal service of summons and complaint upon Martin. See Docket Entry #30.

    Martin has also failed to provide evidence in support of his representation. However, Stigall's conflicting assertions and continued doubt regarding the adequacy of service weigh in favor of concluding Martin has met his burden of demonstrating the notice of removal was filed within 30 days of receiving the complaint "through service or otherwise" and therefore within the deadline of 28 U.S.C. 1446(b). Senick's failure to join in the

////

////

5

notice of removal is not material.[2]

The next inquiry is whether the complaint comes within the original subject matter jurisdiction of this court and is therefore appropriate for removal pursuant to 28 U.S.C. §§ 1331 and 1441(b). Martin asserts the IRS is an indispensable party and that plaintiffs' complaint and choice of parties is no more than "artful pleading" designed to obscure federal claims that have already been ruled upon.

The question of "artful pleading" was addressed by Judges Levi and Hollows in <u>Edwards and Stigall v. Martin, Senick, New Century Mortgage Company, and First American Title Insurance Company</u>, 02-CV-0450 DFL GGH PS, which challenged defendants' transfer of Montclair notwithstanding the purportedly invalid IRS lien and sale. In rejecting plaintiffs' contention that case should be remanded to state court, Judge Hollows found (Order and Findings and Recommendations filed July 3, 2002, at p. 4):

> Although the IRS is not named as a defendant and plaintiffs allege no federal claims per se, plaintiffs are essentially attacking the federal court judgment permitting the IRS to forfeit the Montclair property for failure to pay income taxes. Plaintiffs' amended complaint is a product of "artful pleading." <u>Bright v. Bechtel</u>, 780 F.2d 766 (9th Cir. 1986). . . . [P]laintiffs are challenging the authority of the IRS to forfeit the property for the failure to pay taxes by arguing that defendants should have known that the IRS lacked authority to impose the lien. Each and every

---

[2] All defendants must join a notice of removal provided they are properly joined and served in the action. <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (citations omitted); see also <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 703 (9th Cir. 1998). "Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves." <u>Salveson v. Western States Bankcard Association</u>, 731 F.2d 1423, 1429-1430 (9th Cir. 1984) (citation omitted).

6

>           state court claim depends upon plaintiffs' assertions that
>           the IRS acted improperly and defendants should have
>           understood this.  This is quintessential artful pleading.
>           Accordingly, the court finds that since this action raises a
>           federal question, by way of artful pleading, removal was
>           proper.

The same principles and analysis apply in this case. Stigall's repeated attempt to "quiet title" in a state court action continues to turn on the validity of the IRS sale. Stigall concedes as much by asserting in his complaint, "[s]tate courts have jurisdiction to determine the validity of federal tax sales." Complaint, at p. 2.  While Stigall has sought expressly to avoid the assertion of a federal claim ("The IRS is not a party of or to this complaint and has no interest in Montclair," "There is no United States (Federal) law prohibiting this action in the California Courts," id., at pp. 2, 3), the validity of the IRS sale is central to this dispute and cognizable pursuant only to the original jurisdiction of the federal district courts.[3] Thus, as in 02-CV-0450 DFL GGH PS, this court finds Stigall's action comes within the original jurisdiction of this court and its removal from state court was proper.

Accordingly, plaintiff's motion to remand is denied.

The essential federal subject matter underlying this

---

[3] 28 U.S.C. § 1346(a)(1) provides: "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

7

action renders the IRS an indispensable party,[4] and a wrongful levy action pursuant to 26 U.S.C. § 7426(a)(1)[5] the exclusive remedy.[6]

Accordingly, Stigall's action against Martin is improper and should be dismissed.  Martin's motion to compel deposition and for sanctions should be denied as moot.

These findings and recommendations should not be read to encourage further suits regarding the ten-year-old IRS sale of the Montclair property.  Absent a strong showing of merit based on facts not previously considered and ruled upon by other state

---

[4] Fed. R. Civ. P. 19(a) provides in pertinent part:  "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.  If the person has not been so joined, the court shall order that the person be made a party."

[5] 26 U.S.C. § 7426(a)(1) provides: "If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States.  Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary."

[6] As Judge Hollows found in 02-CV-0450 DFL GGH PS, "Pursuant to § 7426, plaintiff Stigall may only challenge the validity of the IRS levy on the Montclair property and its subsequent sale by filing a civil action against the United States in district court.  Therefore, his suit against the defendants named in this action [any defendants other than the IRS] is not proper."  Order and Findings and Recommendations filed July 3, 2002, in 02-CV-0450 DFL GGH PS, at p. 6.

or federal actions, further actions on this dispute filed in or removed to this court should be evaluated for abuse of the judicial process (see Fed. R. Civ. P. 11(b)), and appropriate sanctions (Fed. R. Civ. P. 11(c)).

These findings and recommendations are submitted to the Honorable William B. Shubb, the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 25, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge