1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11   FLOYD A. WRIGHT and ARTHUR
     STIGALL,
12                                       NO. CIV. S-04-1637 WBS PAN PS
             Plaintiffs,
13
         v.                              MEMORANDUM AND ORDER
14                                       RE: PLAINTIFFS' MOTION TO
                                         REMAND AND DEFENDANT MARTIN'S
15                                       MOTION TO DISMISS AND MOTION
                                         TO COMPEL
16   DONALD M. SENICK, HAROLD E.
     MARTIN, and unknown parties
17   named as DOES 1-10 claiming
     any interest in the real
18   property described in the
     complaint,
19
             Defendants.
20                          ----oo0oo----

21          Plaintiffs characterize this as an action for quiet

22   title to set aside an allegedly void deed sold "pursuant to an

23   [allegedly] invalid Internal Revenue Service auction."  (See

24   Pls.' Compl. ¶ 10).  Defendant Martin (hereinafter "defendant")[1]

25

26          [1]    Defendant Donald M. Senick has not been served and is
     therefore not obligated to respond to plaintiffs' complaint.
27   (See Pls.' Opp'n to Removal & Req. for Remand at 3); see also In
     re Campbell, 105 B.R. 19, 21 (9th Cir. Bankr. 1989)(noting party
28   had no obligation to respond to complaint until served).  Nor

                                   1

1  disputes this characterization and has invoked this court's

2  jurisdiction pursuant to 28 U.S.C. § 1331 (federal question

3  jurisdiction) and 28 U.S.C. § 1441(a)(permitting removal of

4  actions to the district court based on original subject matter

5  jurisdiction), contending, <u>inter</u> <u>alia</u>, that plaintiffs have

6  failed to join an indispensable party to this case.[2]

7  Plaintiffs move for remand.  Defendant Martin moves the court to

8  dismiss plaintiffs' claims and for an injunction prohibiting

9  plaintiff Arthur Stigall from filing any more lawsuits regarding

10 this matter without prior court approval, or in the alternative,

11 to compel Mr. Stigall to attend his deposition.

12 I.  <u>Factual and Procedural History</u>

13         Several years ago, plaintiff Edwards owned the real

14 property located in Yuba County at 5792 Montclair Avenue,

15 Marysville, California (hereinafter "the Property"), which he

16 sold to the M.B. Edwards Trust. (<u>See</u> July 1, 2002 Findings and

17 Recommendations at 2 in <u>Edwards v. Martin</u>, 02-450 DFL GGH PS

18 (E.D. Cal. 2002)).[3]  In December 1982, the IRS recorded a lien

19 against the Property on the basis of taxes allegedly owed by the

20 Edwards Trust.  The IRS then sold the Property to Donald Senick

21

22

23 have plaintiffs named any other defendants in this action.

24     [2]    Defendants contend that the Internal Revenue Service
   ("IRS") is an indispensable party.  However, as noted <u>infra</u>, the
25 real indispensable party is the United States.

26     [3]    This is a prior case wherein similar issues were
   raised.  The court relies on this case for background facts
27 because plaintiffs do not supply them in their complaint in this
   case and defendant does not cite any sources for this
28 information.  (<u>See</u> Pls.' Compl.; Def.'s Opp'n to Pls.' Mot. to
   Remand at 2).

1  during an auction in September 1995.  In December 1998, Senick

2  sold the Property to defendant Martin.  (<u>Id.</u>).  Thereafter,

3  plaintiff Stigall claims to have purchased the Property from the

4  M.B. Edwards Trust in January 1998.

5          On or about April 30, 2004, plaintiffs filed a

6  complaint in the Superior Court of the California, County of Yuba

7  asserting jurisdiction pursuant to California Code of Civil

8  Procedure § 760.040 (equitable actions to quiet title).  The

9  complaint is styled "a complaint to Quiet Title and Set-a-side

10  [sic] a Void Deed to [the Property]."  (<u>See</u> Def.'s Notice of

11  Removal of Action Under 28 U.S.C. § 1441(B) Ex. A (Pls.'

12  Compl.))(capitalization in original).  On August 12, 2004,

13  defendant Martin removed the action to this court.  (<u>See</u> <u>Id.</u>).

14  Jurisdiction for the matter was referred to a magistrate judge

15  pursuant to 28 U.S.C. § 636, <u>et</u> <u>seq.</u>, and Local Rule 72-302.

16          After reviewing the parties' briefs, the magistrate

17  judge issued findings and recommendations on May 25, 2005 in

18  which he recommended that plaintiffs' motion to remand be denied

19  and that the action be dismissed, rendering moot defendant's

20  motion to compel.  (May 25, 2005 Findings & Recommendations at 1-

21  2).  On June 6, 2004, plaintiffs filed objections to the findings

22  and recommendations.  On June 10, 2005, defendant filed a reply

23  to plaintiffs' objections to the findings and recommendations.

24  The court reviews the three motions in this case <u>de</u> <u>novo</u>. <u>See</u> 28

25  U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); Local Rule 72-304.

26  ///

27  ///

28  ///

1  II.  <u>Discussion</u>

2       A.   <u>Plaintiffs' Motion to Remand</u>

3            (i) <u>Timeliness of Removal</u>

4            Defendant Martin removed this action to federal court

5  on August 12, 2004 pursuant to 28 U.S.C. § 1331, and 28 U.S.C. §

6  1441(b). Plaintiffs contend that removal is improper because it

7  was not made within the 30-day limitation of 28 U.S.C. § 1446(b)

8  which provides,

9       The notice of removal of a civil action or proceeding shall
        be filed within thirty days after the receipt by the
10      defendant, through service or otherwise, of a copy of the
        initial pleading setting forth the claim for relief upon
11      which such action or proceeding is based, or within thirty
        days after the service of summons upon the defendant if such
12      initial pleading has then been filed in court and is not
        required to be served on the defendant, whichever period is
13      shorter.

14 28 U.S.C. § 1446(b).

15           The Supreme Court has interpreted this statute to mean

16 that a "named defendant's time to remove is triggered by

17 simultaneous service of the summons and the complaint, or receipt

18 of the complaint, 'through service or otherwise,' <u>after and apart</u>

19 from service of the summons, but not by mere receipt of the

20 complaint unattended by any formal service." <u>Murphy Bros., Inc.</u>

21 <u>v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48

22 (1999)(emphasis added).  The Court has also identified four main

23 categories for service of summons and the filing or service of

24 the complaint.  With regard to the category relevant to this

25 case, the Court states, "if the complaint is filed in court prior

26 to any service, <u>the removal period runs from the service of the</u>

27 <u>summons</u>." <u>Id.</u> at 354 (emphasis added).  This court has further

28 clarified that the running of the 30-day limit does not begin

4

1  until a defendant is "effectively served" in accordance with law.

2  Dale v. IRS, 2001 U.S. Dist. LEXIS 7013, *6 (E.D. Cal. 2001).

3          Plaintiffs filed their original complaint on April 30,

4  2004.  (See Compl.).  To date, plaintiffs have not filed any

5  proof of service of summons upon Senick.[4]  "An individual or

6  entity named as a defendant is not obliged to engage in

7  litigation unless notified of the action, and brought under a

8  court's authority by formal process."  Jeong v. Onoda Cement Co.,

9  2000 U.S. Dist. LEXIS 7985, *23 (C.D. Cal. 2000).  Therefore, "a

10 defendant . . . cannot be required to join in a removal notice

11 filed before it was served."  Id.  Applying this logic, Senick

12 has not become a true participant in the action because he has

13 not been served, and is not required to join in Martin's notice

14 of removal.  This means that only defendant Martin had to meet

15 the deadline for removal under Murphy.

16         In their opposition to removal and request for remand,

17 plaintiffs contend that defendant Martin received a copy of the

18 complaint and summons by certified mail on June 24, 2004. (Opp'n

19 to Remand & Req. for Removal at 2).  Elsewhere, they contend that

20 Martin was served on September 24, 2004 when a copy of the

21 complaint and summons was sent to his attorney. (Pls.' Joint

22 Status Report at 2).  However, plaintiffs only proof of service

23 indicates that Martin was served a copy of the complaint and

24 summons on October 28, 2004.  (October 28, 2004 Proof of Service

25

26         [4]   Plaintiffs acknowledge that Senick has not been served.
   Plaintiffs state "Senick can either be ignored or the complaint
27 can be amended to eliminate him from the action. In the
   alternative Senick can be served by publication." (Objections to
28 Magistrate Judge's Findings & Recommendations at 10-11).

1  of Summons and Compl. upon Harold E. Martin).  Therefore, the
2  evidence suggests that Martin was not effectively served until
3  October 28, 2004.  He thus had thirty days from October 28, 2004
4  to file his notice of removal.

5       Martin removed this action to federal court on August
6  12, 2004, well before the removal deadline, prior even to his
7  receipt of formal service.  While Martin's early removal might
8  appear premature, at least one other district court has addressed
9  this issue and found preservice removal to be legitimate.  In
10 Delgado v. Shell Oil Co., the Southern District of Texas held
11 that "a person not yet technically a defendant under state law
12 can nevertheless remove the action provided that 'the state's
13 judicial machinery is set in motion against the defendant.'" 890
14 F.Supp 1324, 1333 (S.D. Tex. 1995).  The logic behind the Delgado
15 decision is persuasive.  Once plaintiffs filed suit against
16 Martin in state court, Martin had a right to respond to
17 plaintiffs' complaint and to seek removal without waiting to be
18 effectively served.  Martin's removal was thus timely and in
19 accordance with 28 U.S.C. 1446(b).

20       (ii) Subject Matter Jurisdiction is Present

21       Plaintiffs contend that removal is also inappropriate
22 because a plaintiff is "master of his complaint" and, here,
23 plaintiffs have presented only state claims in their complaint.
24 While the Ninth Circuit recognizes, "[i]n general, district
25 courts have federal-question jurisdiction only if a federal
26 question appears on the face of the complaint," it also holds
27 that "the artful pleading doctrine creates an exception to this
28 general rule."  Brennan v. Southwest Airlines, 134 F.3d 1405,

6

1409 (9th Cir. 1998).  The Ninth Circuit further holds that an
"action may 'arise under' a law of the United States if the
plaintiff's right to relief necessarily turns on construction of
federal law."  <u>Bright v Bechtel Petroleum, Inc.</u>, 780 F.2d 766,
796 (9th Cir. 1986).

Here plaintiffs attempt to quiet title in a <u>state</u>
court, but the action turns on the validity of an <u>IRS sale</u>.[5]
Plaintiffs concede as much in their complaint when they assert
that "[s]tate courts have jurisdiction to determine the validity
of federal tax sales," and challenge the IRS deed as "void."
(Compl. ¶¶ 6, 13).  Plaintiffs further concede that they are
third parties to the IRS sale, alleging that "the IRS auction of
Montclair [was] for <u>Marvin Baysel Edwards</u>' taxes," and not
theirs.  (Compl. ¶ 13)(emphasis added).  "[T]he exclusive remedy
by a <u>third party</u> whose property has been levied upon or sold by
the Internal Revenue Service is an action pursuant to [26 U.S.C.
§] 7426."  <u>Winebrenner v. United States</u>, 924 F.2d 851, 855 (9th
Cir. 1991)(emphasis added).  Because plaintiffs' right to relief
turns on construction and application of 26 U.S.C. § 7426,
plaintiffs' suit is a matter of federal law.  <u>See</u> <u>Bright</u>, 780
F.2d at 796.  It is axiomatic that this court has jurisdiction to
hear questions of federal law pursuant to 28 U.S.C. § 1331
(federal question jurisdiction).

///

---

[5]    The central issue in plaintiffs' complaint is their
allegation that "the title of Montclair was clouded by an
administratively issued void Internal Revenue Service (IRS)
District Director's Deed (IRS Deed) granting Montclair to Donald
M.Senick." (Compl. ¶ 13).

1      B.   <u>Defendant's Motion to Dismiss</u>

2           Defendant Martin brings a motion to dismiss pursuant to

3 Federal Rule of Civil Procedure 12(b)(7) for "failure to join a

4 party under [Federal] Rule [of Civil Procedure] 19." (Def.'s

5 Opp'n to Pls.' Mot. to Remand; and Req. for Dismissal Sua Sponte;

6 and Req. that the Ct. make Substantive Findings to the Frivolous

7 and Harassing Nature of Pls.' Actions ("Def.'s Opp'n to Pls.'

8 Mot. to Remand") at 11).  To dismiss a case for failure to join a

9 party under Rule 19, the Ninth Circuit requires that an absent

10 party first be "necessary" to the action.  <u>Shermoen v. United</u>

11 <u>States</u>, 982 F.2d 1312, 1317 (9th Cir. 1992).  If found to be

12 "necessary," and the party cannot be joined, then the party must

13 be "'indispensable' so that in 'equity and good conscience' the

14 action should be dismissed." <u>Id.</u>

15           In determining whether a party is "necessary" the Ninth

16 Circuit requires a court to consider whether "complete relief"

17 can be accorded among the existing parties, and whether the

18 absent party has a "legally protected interest" in the subject of

19 the action. <u>Id.</u>  While the court must consider both questions, a

20 determination that <u>either</u> "complete relief" cannot be accorded <u>or</u>

21 that the absent party has a "legally protected interest," is

22 sufficient to determine that the party is "necessary" to the

23 action. <u>See</u> <u>Shermoen</u>, 982 F.2d at 1317 (finding that party not

24 necessary for complete relief was still indispensable party

25 because it had legally protected interest in subject action);

26 Fed. R. Civ. P. 19(a) (requiring joinder of a party "if (1) in

27 the person's absence complete relief cannot be accorded among

28 those already parties, <u>or</u> (2) the person claims an interest

8

1  relating to the subject of the action.")(emphasis added).

2        As noted above, because plaintiffs are third parties
3  alleging that their property has been sold by the IRS, their
4  exclusive remedy is an action pursuant to 26 U.S.C. § 7426.  <u>See</u>
5  <u>Winebrenner</u>, 924 F.2d at 855.  Section 7426 requires such an
6  action to be brought against the United States.  26 U.S.C. §
7  7462(a)(1).[6]  Even if the United States no longer has a "legally
8  protected interest" in the subject action, complete relief cannot
9  be accorded among the existing parties without the United States,
10 because it is the only proper defendant.  Therefore, the United
11 States is a necessary party.

12       Moreover, at this point in time, plaintiffs' failure to
13 join the United States as a party cannot be cured in any
14 meaningful way.  The statute of limitations for filing a cause of
15 action under § 7426 is governed by 26 U.S.C. § 6532(c).  Section
16 6532(c) states, "no suit or proceeding under [26 U.S.C. §] 7426
17 shall be begun after the expiration of 9 months from the date of
18 the levy or agreement giving rise to such action." 26 U.S.C.
19 6532(c).  The nine-month time period lapsed years ago: the IRS
20 recorded a lien against the Property in December 1982 and sold
21 the property in September 1995.  Because the statute of
22 limitations on plaintiffs' claim under 26 U.S.C. § 7462(a)(1) has

23 _____

24      [6]      If a levy has been made on property or property has
              been sold pursuant to a levy, any person (other than
25            the person against whom is assessed the tax out of
              which such levy arose) who claims an interest in or
26            lien on such property and that such property was
              wrongfully levied upon may bring a civil action <u>against</u>
27            <u>the United States in a district court of the United</u>
              <u>States</u>.

28  26 U.S.C. § 7462(a)(1)(emphasis added).

1  already run, plaintiffs cannot now join the United States as a

2  party to this action.

3          Although this court has found the United States to be a

4  "necessary" party that cannot be joined, the court must still

5  determine that the United States is "indispensable" in order to

6  dismiss the action in "equity and good conscience." Shermoen,

7  982 F.2d at 1317.  The Ninth Circuit requires the application of

8  a four-factor analysis to determine whether a party is

9  "indispensable." Id. at 1318-19.  The four factors are (1) to

10 what extent a judgment rendered in the person's absence might be

11 prejudicial to the person or those already parties; (2) the

12 extent to which, by protective provisions in the judgment, by the

13 shaping of relief, or other measures, the prejudice can be

14 lessened or avoided; (3) whether a judgment rendered in the

15 person's absence will be adequate; and (4) whether the plaintiff

16 will have an adequate remedy if the action is dismissed for

17 nonjoinder. Id.

18         The court finds that the first and second factors are

19 intertwined with the third factor in the present situation.

20 Title 26 U.S.C. § 7426(a)(1) is the exclusive remedy for wrongful

21 levy actions and requires plaintiffs to join the United States as

22 a party to this action.  Because the time has passed for joining

23 the United States as a party, judgment cannot be rendered in this

24 case.  This fact goes to the heart of the third factor.  It also

25 moots the first and second factors because, (1) there can be no

26 prejudice where there can be no relief, and (2) where there can

27 be no prejudice, measures for reducing that prejudice are moot.

28 As for the fourth factor, it is true that plaintiffs will not

1 have any remedy if the action is dismissed for nonjoinder.

2 However, this outcome is the direct result of plaintiffs' failure

3 to timely file an action against the only party they should have

4 sued – the United States.   The court cannot allow this suit to go

5 forward against private defendants against whom plaintiffs have

6 no claim merely to provide plaintiffs a remedy.   Therefore, the

7 court finds that the United States is an "indispensable" party

8 and plaintiffs' claim should be dismissed.

9      C.    <u>Defendant's Motion to Compel and for Sanctions</u>

10           The dismissal of plaintiffs' claim moots Martin's

11 motion to compel.

12        The dismissal does not affect Martin's motion to have

13 the court sanction plaintiff Stigall by declaring him a vexatious

14 litigant under federal law.   The Ninth Circuit has recognized the

15 "inherent power of federal courts to regulate the activities of

16 abusive litigants by imposing carefully tailored restrictions

17 under the appropriate circumstances." <u>De Long v. Hennessey</u>, 912

18 F.2d 1144, 1147 (9th Cir. 1990).   However, the Ninth Circuit has

19 also held that "such prefiling orders should rarely be filed."

20 <u>Id.</u>(citing <u>In re Oliver</u>, 682 F.2d 443, 445 (3d Cir. 1982)(holding

21 pre-filing orders to be an "extreme remedy" that should only be

22 used in "exigent circumstances"); and <u>Pavilonis v. King</u>, 626 F.2d

23 1075, 1079 (1st Cir. 1980)(holding that "[t]he use of such

24 measures against a pro se plaintiff should be approached with

25 particular caution.")).

26        The Ninth Circuit has set forth a four-step guideline

27 for ordering prefiling restrictions.   First, the plaintiff must

28 be provided with an opportunity to oppose the order before it was

1  entered. Id.  Second, the district court must create an adequate

2  record for review which lists all of the cases and motions that

3  led the court to conclude a vexatious litigant order was needed

4  and that the litigant's activities were numerous or abusive. Id.

5  at 1148.  Third, the district court must make substantive

6  findings as to the frivolous or harassing nature of the

7  litigant's actions.  Fourth, the orders must be narrowly tailored

8  to closely fit the specific vice encountered. Id.

9        Plaintiffs were originally apprised of defendant

10 Martin's motion for such a sanction when defendant stated in

11 their motion that "[plaintiffs'] lawsuit was filed in bad faith

12 solely for the purposes of harassment" and requested such a

13 sanction against plaintiffs.  (Def.'s Opp'n to Pls.' Mot. to

14 Remand at 12).  Plaintiffs responded to this accusation in their

15 reply, stating that "[their] complaint is not frivolous because

16 it states a meriticious cause of action, is sufficient on its

17 face, controverts the material points and is not for the mere

18 purpose of delay or to embarrass the opponent." (Reply to Def.'s

19 Opp'n to Pls.' Mot. to Remand at 4).  Whatever the merits of

20 plaintiffs' reply, their reply itself demonstrates that

21 plaintiffs were on notice that Martin had requested such a

22 sanction.  Therefore, the court finds that plaintiffs received

23 adequate notice.

24        Next, the court asks whether plaintiffs' action is

25 frivolous and harassing.  Plaintiffs filed several lawsuits

26 regarding the Property sale at issue in this case in this court

27

28

12

1  alone.[7]  This court has also previously found that the United
2  States was an indispensable party in a similar action.[8]  Yet
3  plaintiffs "artfully pled" a state-law claim in an effort to
4  circumvent federal jurisdiction in this case.   Under the
5  circumstances, plaintiffs had to at least suspect that their
6  claim was frivolous.   The court also finds that Martin has been
7  harassed: Martin has represented that he had to pay "tens of
8  thousands of dollars in attorney fees and costs" in defending his
9  title to the land against Stigall's meritless lawsuits. (Pls.'
10 Reply to Objections to Magistrate Judge's Findings and
11 Recommendations & Req. for Sanctions at 3).   This representation
12 is credible considering the number of lawsuits Mr. Stigall has
13 filed regarding the Property.

14         However, the court finds that the mounting list of

15 ──────────────

16         [7]    In addition to the current lawsuit, plaintiffs have
   filed the following cases in this court: Edwards v. United
17 States, Con Senick and Cronson Lyle, 96-cv-00477-EJG-JFM (E.D.
   Cal. 1997)(filed 3/08/96 and dismissed 2/10/97 for lack of
18 standing because Edwards failed to demonstrate ownership interest
   in the "M.B. Edwards Trust); affirmed on appeal 2/9/98); Edwards
19 and Stigall v. IRS, 98-cv-01002-LKK-DAD (PS)(E.D. Cal. 1999)
   (filed 6/02/98 under Freedom of Information Act and dismissed by
20 stipulation of parties 7/23/99); Edwards and Stigall v. Martin,
   Senick, New Century Mortgage Company, and First Am. Title Ins.
21 Co., 01-cv-02138-LKK-GGH (PS)(E.D. Cal. 2001)(removed from state
   court 11/20/01 and remanded to state court 12/21/01 for lack of
22 federal jurisdiction due to defendants' failure to articulate
   rationale); Edwards and Stigall v. Martin, Senick, New Century
23 Mortgage Company, and First American Title Insurance Coimpany,
   02-cv-00450-DFL-GGH (PS)(E.D. Cal. 2002)(removed from state court
24 2/27/02 and dismissed 11/04/02 for failure to joint indispensable
   party); and Edwards v. United States Dept. of Treasury, et al,
25 03-cv-00958-MCE-DAD (PS)(E.D. Cal. 2004)( complaint for writ of
   mandate filed 5/08/03 and dismissed for insufficient service of
26 process 2/03/04).

27         [8]   Edwards and Stigall v. Martin, Senick, New Century
   Mortgage Company, and First Am. Title Ins. Co., 02-Cv-00450-DFL-
28 GGH (PS)(E.D. Cal. 2002).

1  cases centering on the property sale at the heart of this case
2  has not yet attained the size or repetitive character required to
3  justify what the Ninth Circuit views as an extreme sanction. De
4  Long, 912 F.2d at 1147("The record needs to show . . . that the
5  litigant's activities were numerous or abusive)(citing Wood v.
6  Santa Barbara Chamber of Commerce, Inc.], 705 F.2d 1515, 1523
7  (9th Cir. 1982)(35 related complaints filed); In re Oliver 682
8  F.2d 443, 444(over 50 frivolous cases filed); In re Green, 669
9  F.2d 779, 781 (D.C. Cir. 1981)(per curiam)(over 600 complaints
10 filed).")).  While plaintiffs have filed multiple meritless suits
11 in this court, only three of those suits list Martin as a party,
12 and plaintiffs have only filed one previous suit which was
13 dismissed for a reason strikingly similar to that for which this
14 action is dismissed today - failure to join an indispensable
15 party.[9]

16     It would be possible to narrowly tailor an order
17 prohibiting plaintiffs from bringing any more suits in court
18 regarding the IRS sale at issue in this case without first
19 seeking prior approval from a judge of this court.  However, just
20 how effective such an order would be is questionable, and any
21 effort to enforce it might be more trouble than it is worth.  The
22 court's order today explains directly and in detail and direct
23 why plaintiffs' claim lacks merit.  Plaintiffs have thus been put

24

25     [9]    Martin has been a named party in three lawsuits to
26 date: Edwards and Stigall v. Martin, Senick, New Century Mortgage
   Company, and First American Title Insurance Company, 01-cv-02138-
   LKK-GGH (PS)(E.D. Cal. 2001); Edwards and Stigall v. Martin,
27 Senick, New Century Mortgage Company, and First American Title
   Insurance Company, 02-cv-00450-DFL-GGH (PS)(E.D. Cal. 2002); and
28 the current action.

1  on notice that their claim is frivolous.  Hopefully, this order

2  will serve to dissuade plaintiffs from any attempt to recycle

3  this claim in another form.

4            IT IS THEREFORE ORDERED that:

5            (1) plaintiffs' motion to remand be, and the same

6  hereby is, DENIED;

7            (2) defendant's motion to dismiss be, and the same

8  hereby is, GRANTED; and

9            (3) defendant's motion to compel and for sanctions be,

10  and the same hereby is, DENIED.

11  DATED:  July 22, 2005

12

13

14            WILLIAM B. SHUBB
            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15